## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**BILLY J. RAYBURN,**

        **Plaintiff,**

**v.**                                     **Civil Action No.  2:07cv42**
                                           **(Judge Maxwell)**

**HARLEY LAPPIN, K. M. WHITE,
WARDEN M. MARTINEZ, H.
BOYLES, P.A. AZUMA**,

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I.   Factual and Procedural History

On May 30, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants.  In the complaint, the plaintiff seeks a preliminary injunction, as well as an award of compensatory and punitive damages, for alleged violations of his constitutional rights.  More specifically, the plaintiff alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs.

On June 4, 2007, the plaintiff was granted permission to proceed as a pauper.  The plaintiff was not assessed an initial partial filing fee.  Thus, on October 16, 2007, the undersigned conducted an initial review of the complaint pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.  Upon preliminary review, it was unclear whether the plaintiff had exhausted his administrative remedies prior to filing suit.  Therefore, the undersigned directed the plaintiff to file proof of exhaustion.  On November 5, 2007, the plaintiff filed what purports to be proof of

exhaustion. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation.

## II.  Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.  Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is

---

[1] Id. at 327.

mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). A <u>Bivens</u> action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. <u>Booth</u> at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. <u>See</u> <u>Porter</u>, 534 U.S. at 524 (citing <u>Booth</u>, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. <u>See</u> <u>Woodford v. Ngo</u>, ___ U.S. ___, 126 S.Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

In addition, although the exhaustion of administrative remedies should generally be raised by the defendant as an affirmative defense, <u>Jones v. Bock</u>, 127 S.Ct. 910, ___ U.S. ___ (2007), the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds if the failure to exhaust is apparent on the record. <u>See</u> <u>Anderson v. XYZ Prison Health Services</u>, 407 F.3d 674, 681 (4th Cir. 2005).

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. <u>See</u> 28 C.F.R. § 542.10, <u>et seq</u>. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Morgantown, those appeals are

---

[2] <u>Id.</u>

sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, the plaintiff's administrative remedies show that he did not exhaust all available administrative remedies prior to filing suit in this Court. Instead, the plaintiff's remedies show that he attempted informal resolution of his claims as early as April 3, 2007. Unsatisfied with the responses he received, the plaintiff filed a formal remedy on May 18, 2007, and another one on May 21, 2007. It appears that those remedies were rejected for procedural reasons on May 23, 2007. The plaintiff's administrative remedy forms also show that he sought remedy with the Central Office on May 29, 2007, and that his Central Office appeal was rejected on May 30, 2007 for procedural reasons. After the filing of the instant complaint on May 30, 2007, the plaintiff continued to seek administrative remedy within the Bureau of Prisons. The plaintiff filed additional remedy forms on June 7, 2007, which were rejected by the institution on June 18, 2007. The plaintiff has also filed other informal remedy requests in June, July and August of 2007.

Although the plaintiff initiated the administrative remedy process prior to the filing of this case, the plaintiff did not exhaust all levels of the grievance procedure prior to filing suit in this court. Instead, it appears that the plaintiff's administrative remedies were all procedurally defective, and in accordance with the instructions of the various levels of the administrative process, the plaintiff has, since the filing of this case, continuously attempted to correct those deficiencies. Thus, the failure to exhaust is clear on the face of the record and the *sua sponte* dismissal of this action is appropriate. See Anderson, 407 F.3d at 682.

4

### III.   Recommendation

In consideration of the foregoing, it is recommended that the plaintiff's complaint be **DISMISSED without prejudice for the failure to exhaust**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE